November 23, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** Joint Letter regarding *Muskopf v. Lauder, et al.*, No. 1:26-cv-06961-AS (S.D.N.Y.) and Joint Letter Motion to Stay Case Management Plan Deadline and Adjourn December 3, 2026 Initial Pretrial Conference

Dear Judge Subramanian:

This letter is being submitted on behalf of counsel to plaintiff Michael J. Muskopf ("Plaintiff"), nominal defendant The Estée Lauder Companies Inc. ("ELC" or the "Company"), and individual defendants William P. Lauder, Charlene Barshefsky, Stephane de La Faverie, Paul J. Fribourg, Jennifer Hyman, Gary M. Lauder, Jane Lauder, Arturo Nuñez, Barry S. Sternlicht, Jennifer Tejada, Richard F. Zannino, Fabrizio Freda, and Tracey T. Travis and (collectively, the "Individual Defendants," together with ELC, "Defendants"). We write jointly regarding the status of the above-captioned shareholder derivative action (the "Action") and to jointly request an adjournment of the December 3, 2026 initial pretrial conference.

This Action is a stockholder derivative action filed by an individual stockholder on behalf of nominal defendant ELC, pleading claims for violations of Section 10(b) and 21D of the Securities Exchange Act of 1934, as well as breach of fiduciary duty and unjust enrichment claims under Delaware law related to alleged misstatements and omissions about ELC's travel retail sales growth and its reliance on a sales practice called *daigou*, and additional breach of fiduciary duty claims relating to the purported wrongful refusal of Plaintiff's pre-suit stockholder litigation demand on the Board of Directors (the "Board") of ELC. This Action is factually related to another derivative action that is also pending in this Court: *In re The Estée Lauder Companies Inc. Derivative Litigation*, No. 1:25-cv-03853-AS (S.D.N.Y.) (the "NY Consolidated Action"); however, whereas Plaintiff to this Action alleges that the Board wrongfully refused his pre-suit demand, the plaintiffs to the NY Consolidated Action did not make pre-suit demands and have alleged that pre-suit demand on the Board is excused.[1]

Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under Section 10(b) and 21D of the Securities Exchange Act of 1934, and supplemental jurisdiction over Plaintiff's state-law claims pursuant to

---

[1] Although the cases are factually related, consolidation of this Action with the NY Consolidated Action would not be appropriate at this stage of the proceedings. *See, e.g., Feuer v. Zuckerberg*, 2021 Del. Ch. LEXIS 232, *12 (Del. Ch. Oct. 5, 2021) ("Because the legal standards for demand-futility and demand-refused cases are so different, consolidation of the cases, particularly in advance of pleading stage dispositive motion practice, is unwarranted.").

28 U.S.C. § 1367(a). Defendants expressly reserve all rights and preserve all potential defenses and arguments, including with regard to Plaintiff's choice of forum.

To date, there has not been any discovery in this matter. The Parties have been engaged in settlement discussions, which are ongoing.

The Parties have also been engaged in discussions about scheduling, including as it relates to the pending NY Consolidated Action. In reliance on counsel's representation that they are accepting service for all of the Defendants, and in light of the Parties' anticipated stipulation that will (among other things) formalize the acceptance of service, Plaintiff has held off personally serving the Defendants. The Parties will file a joint stipulation contemporaneously with this letter, reflecting Defendants' acceptance of service and requesting that this Court stay this Action.

The Parties specifically jointly request that this Court (1) stay the November 25, 2026 deadline to submit a proposed civil case management plan and scheduling order and (2) adjourn the scheduled initial pretrial conference on December 3, 2026, pending this Court's resolution of any motion(s) to dismiss the NY Consolidated Action. The Parties believe that adjourning these deadlines will serve the interest of judicial economy. This is the Parties' first request for an adjournment of the conference, and all Parties consent. There are no other Court appearances scheduled beside this initial pretrial conference.

Respectfully,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Monica K. Loseman*

Monica K. Loseman
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
Telephone: 303.298.5700
MLoseman@gibsondunn.com

Barry H. Berke
Jonathan D. Fortney
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
BBerke@gibsondunn.com
JFortney@gibsondunn.com

*Counsel for The Estée Lauder Companies Inc.*

THE ROSEN LAW FIRM, P.A.

*/s/ Erica L. Stone*

Phillip Kim
Erica L. Stone
275 Madison Avenue, 40th Floor
New York, NY 10016
(212) 686-1060
philkim@rosenlegal.com
estone@rosenlegal.com

SHUMAN, GLENN & STECKER
Rusty E. Glenn
600 17th Street, Suite 2800 South
Denver, CO 80202
(303) 861-3003
rusty@shumanlawfirm.com

SHUMAN, GLENN & STECKER
Brett D. Stecker
326 W. Lancaster Avenue
Ardmore, PA 19003
(303) 861-3003

brett@shumanlawfirm.com

*Counsel for Plaintiff Michael J. Muskopf*

BAKER & HOSTETLER LLP

*/s/ Aric H. Wu*

Douglas W. Greene
Aric H. Wu
Zachary R. Taylor
45 Rockefeller Plaza
New York, NY 10111
(212) 589-4200
dgreene@bakerlaw.com
awu@bakerlaw.com
ztaylor@bakerlaw.com

*Counsel for the Individual Defendants*

**Electronic signatures used with consent of all parties pursuant to SDNY ECF Rule 8.5(b).*

Cc: All counsel of record (via ECF)

GRANTED. In accordance with the Court's entry of the order holding in abeyance all proceedings until a decision on any motion to dismiss in the Consolidated Action, the initial pretrial conference on December 3, 2026 is adjourned sine die.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 14.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: November 25, 2026